# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**EUGENE EDWARD ULRATH,**

    **Plaintiff,**

vs.                                         **Case No. 4:19cv204-MW/CAS**

**JOHN DOES, et al.,**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding pro se, has filed a motion requesting leave to proceed in forma pauperis, ECF No. 2, along with a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. The motion has been reviewed and it demonstrates that Plaintiff lacks the resources to pay the filing fee in this case. In a separate Order entered this day, Plaintiff's motion for in forma pauperis status has been granted.

Notwithstanding, in the course of reviewing this case, Plaintiff's disclosure of prior actions has been noted. ECF No. 1 at 3-6. Plaintiff acknowledges that he has previously initiated other actions "dealing with the same or similar facts/issues involved in this action." *Id.* at 3-4. Plaintiff

lists nine prior cases by number, and indicates there were two more cases filed concerning these issues (one in the Southern District and one in the Middle District). *Id.* at 4.

Plaintiff has correctly acknowledged that he previously filed nine (9) prior cases in this Court, although he did not correctly list them. The correct listing of cases filed here is:

1:  4:18-cv-00216-WS-CAS, filed on 04/26/18, closed on 07/31/18

2:  4:18-cv-00327-RH-MJF, filed on 06/15/18, closed on 04/15/19

3:  4:18-cv-00386-WS-CAS, filed on 08/16/18, closed on 04/02/19

4:  4:18-cv-00455-WS-CAS, filed on 10/01/18, closed on 04/03/19

5:  5:18-cv-00118-MCR-GRJ, filed on 05/18/18, closed on 06/26/18

6:  5:18-cv-00144-MCR-GRJ, filed on 06/15/18, closed on 07/12/18

7:  5:18-cv-00149-MCR-CJK, filed on 06/25/18, closed on 07/09/18

8:  5:18-cv-00246-MCR-MJF, filed on 10/29/18, closed on 01/29/19

9:  5:19-cv-00017-MCR-MJF, filed on 01/17/19, closed on 03/26/19

Not all nine of those cases deal with the same event or facts at issue in this case, but they do appear to involve Plaintiff's repeated assertions that prison officials are not protecting him.

Case No. 4:19cv204-MW/CAS

Also noteworthy is that Plaintiff filed notices of voluntary dismissal in eight of those nine cases.  One of those cases (5:18cv246) was dismissed as malicious because Plaintiff did not honestly disclose all of his prior cases.  The number of cases initiated and closed by Plaintiff in such a short time span demonstrates that Plaintiff is engaging in recreational litigation instead of pursuing justice to right a wrong.  Such conduct is an abuse of the judicial process and prevents this Court from resolving other actions brought in good faith.

Moreover, in case number 4:18cv455, Plaintiff sued numerous John Doe Defendants just as he has done in this case.   Indeed, Plaintiff's statement of facts in this case is nearly identical to the statement of facts Plaintiff presented in the earlier case.  *Cf.* ECF No. 20 at 7-9 in case # 4:18cv455-WS/CAS *with* ECF No. 1 at 7-9 in this case.

Federal Rule of Civil Procedure 41(d) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied."  Fed. R. Civ. P. 41(d).  Plaintiff has previously filed this same case against John Doe

Defendants at Jefferson Correctional Institution, who in September 2015 denied Plaintiff's request for protective management. Furthermore, Plaintiff has been abusing the judicial system by repeatedly filing cases and then voluntarily dismissing them. It is apparent that such conduct will continue absent the imposition of consequences by this Court. Thus, it is recommended that Plaintiff be required to pay the filing fee for case number 4:18cv455-WS/CAS before proceeding with this case pursuant to Rule 41(d).

Importantly, Plaintiff has not alleged in this case that he faces imminent danger of serious physical injury. Instead, the complaint is about past events at prior institutions, beginning in September 2015 at Jefferson C.I. Should Plaintiff believe at some point in the future that he is facing imminent harm, any future case should be filed in the Middle District of Florida in light of Plaintiff's incarceration at Suwannee Correctional Institution in Live Oak, Florida. See ECF No. 1 at 11.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff be required to pay the $350.00 filing fee for case number 4:18cv455-WS-CAS in light of his prior voluntary dismissal if he desires to pursue this case. It is further **RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 8, 2019.

S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:19cv204-MW/CAS